IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| DARRYL MURPHY, | : |
|         Plaintiff | : |
| VS. | :    **NO. 1 : 09-CV-76 (WLS)** |
| CERT TEAM, *et al.*, | :    PROCEEDINGS UNDER 42 U.S.C. §1983 |
|         Defendants | :    BEFORE THE U. S. MAGISTRATE JUDGE |

# RECOMMENDATION

Currently pending in this action brought pursuant to 42 U.S.C. § 1983 is the defendants' Motion to Dismiss based on the plaintiff Darryl Murphy's failure to prosecute this action. Tab #18. Plaintiff Murphy filed this action on May 13, 2009. After filing his complaint and a follow-up letter to the court on May 22, 2009, he has had no further contact with the court and has not filed any further motions or pleadings. Mail sent to the plaintiff at his last known address began being returned to the court as undeliverable on June 22, 2009, approximately seven (7) days after his motion to proceed *in forma pauperis* was granted and service of the complaint was directed. Mail addressed to the plaintiff at his last known address was returned to the court as undeliverable on four (4) occasions between June 22, 2009, and August 31, 2009. The court issued an order to respond to defendants' motion to dismiss on August 24, 2009; the plaintiff has failed to respond to this directive.

Under Rule 41(b) of the Federal Rules of Civil Procedure, a case may be dismissed upon a determination of a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985).  Litigants proceeding *pro se* are not exempted from this requirement of diligent prosecution.  Moon v. Newsome, 863 F.2d 835 (11th Cir. 1989).  The court's inherent power to dismiss cases in which the plaintiff has failed to diligently prosecute his action "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Link v. Wabash R.R., 370 U.S. 626, 630 (1962).

A review of this entire action reveals a clear record of delay or willful contempt on the part of the plaintiff.  Plaintiff Murphy has had no communication with the court since submitting a letter on May 22, 2009, and has clearly failed to inform the court as to his current address.  Inasmuch as the plaintiff has failed to respond to the court's order requiring a response to the defendants' Motion to Dismiss and has failed to keep the court informed as to his current address, it is the recommendation of the undersigned that the defendants' Motion to Dismiss be **GRANTED** and that this action be **DISMISSED**.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

SO RECOMMENDED, this 16th day of NOVEMBER, 2009.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

asb